RAMIRO LUENGO Y CABO, Plaintiff and Appellee, *v.* EVA GEORGINA ACOSTA Y KNIGHT, Defendant; DOLORES VIZCARRONDO DE URRUTIA, Intervener and Appellant.

No. 7985.   Argued May 24, 1940.—Decided May 31, 1940.

*Francisco Vizcarrondo* for appellant. *Monserrat, de la Haba & Monserrat* for appellee.

MR. JUSTICE DE JESÚS delivered the opinion of the court.

By deed No. 36 of December 31, 1934, executed before Notary Mariano Acosta Velarde and recorded in the registry of property on January 11, 1935, on folio 163, back, of vol. 14 of Carolina, estate No. 646, 4th record, Georgina Acosta executed a first mortgage in favor of Ramiro Luengo Cabo on a piece of property owned by her, with an area of 5,900 square yards and located in the Hoyo Mulas barrio of the Municipal District of Carolina, to secure a $1,100 credit and other collateral obligations.

By deed of September 26, 1936, executed before Notary Francisco Vizcarrondo Morell and recorded October 3, 1936, on folio 175 of vol. 32 of Carolina, estate No. 2964, record 19, the same Georgina Acosta sold to Dolores Vizcarrondo de Urrutia a 24-cuerda parcel of land lying in the Pueblo barrio of the Municipal District of Carolina.

The mortgage executed by Mrs. Acosta in favor of Mr. Luengo Cabo having matured without being paid, the latter brought the present foreclosure proceeding in the lower court of April 20, 1937, and subsequently amended on August 5, 1938, the initial petition originally filed in said proceeding.

In the certificate from the registry of property issued on August 2, 1938, attached to the amended initial petition, it is set forth "that the said mortgage has not been canceled either in whole or in part, nor is it pending cancellation as evidenced by the Journal; *and the property mortgaged has not been conveyed to a third purchaser either,* nor has it *been further encumbered subsequent to the said mortgage.*" (Italics ours.)

In view of the above certificate it was unnecessary to serve notice of the proceeding on any person other than the mortgagor.

After the mortgage foreclosure procedure had been complied with, the property in question was adjudicated to the mortgagee at an auction sale held on December 23, 1938.

During the pendency of the foreclosure proceeding Mrs. Vizcarrondo de Urrutia and the guardian of Mrs. Acosta —Mrs. Acosta had already by then been declared incapacitated—appeared before the District Court of San Juan in an *ex parte* proceeding and substantially alleged that the 5,900 square yards, the subject matter of the foreclosure proceedings to which we have been referring, was part of the 24-cuerda parcel sold by Mrs. Acosta to Mrs. Vizcarrondo on September 26, 1936. After a hearing with the appearance of Mrs. Vizcarrondo and of Rafael Palacios Acosta, guardian and son of the incapacitated woman, the court made an order on October 7, 1938, granting the motion of petitioner. The dispositive part of the order reads as follows:

"THEREFORE, the court grants petitioner's motion and consequently decrees that deed of sale No. 5 of September 26, 1936, recorded in the Registry of Property of San Juan, P. R., Second Section, vol. 32, on folio 175, estate No. 2964, 19th record, which also includes the 5,900 square yards referred to in paragraph 2 of this order, be also recorded in connection with said parcel identified under No. 646 of vol. 14, folio 159 of the Municipality of Carolina, for the proper purposes."

On the very day the above order was made, Mrs. Vizcarrondo appeared before Notary Francisco Vizcarrondo and executed a document entitled "Explanatory act," containing a certified transcription of the said order of the lower court, which was recorded in the registry of property on October 19, 1938, on the back of folio 176, vol. 32 of Carolina, estate No. 2964, 21st record.

At this stage of the proceedings, and on January 30, 1939, Ramiro Luengo Cabo, who had been unable to register the adjudication of the mortgaged property because the same appeared then of record in the name of Mrs. Vizcarrondo who had not been made a party to the foreclosure proceeding,

claimed that said Mrs. Vizcarrondo had acquired the property after the institution of the foreclosure proceeding and filed a motion in the lower court requesting that in compliance with article 71 of the Mortgage Law, as construed by this court in *Arroyo* v. *Zavala*, 40 P.R.R. 257, Mrs. Vizcarrondo be notified that she could, within ten days from the service of notice, release the property by paying to Luengo the sums claimed in the proceeding, as otherwise the cancellation of the record in her favor would be ordered.

Upon the issuance of the order sought by Luengo and notice having been served on Mrs. Vizcarrondo, the latter appeared in the foreclosure proceeding and on February 10, 1939, filed three different papers, to wit: (*a*) a motion to intervene; (*b*) a demurrer, and (*c*) an answer to the motion of plaintiff and to the order of the court regarding the payment of the sums claimed, or cancellation, in default thereof, of Mrs. Vizcarrondo's title recorded in the registry of property.

The intervention was sought in connection with the foreclosure proceeding; the demurrer has reference to the existence of another action pending between the same parties upon the same subject matter; and the answer, as appears from its title, is in opposition to plaintiff's motion and to the order of January 30, 1939, *supra,* whereby Mrs. Vizcarrondo was notified to pay the sums claimed and warned that in case of failure to do so her title to the 5,900-yard parcel would be canceled.

Mrs. Vizcarrondo attached as exhibits to her aforesaid allegations or produced at the hearing had to that effect, (this does not appear in a clear manner from the record), the deed executed on September 26, 1936, evidencing the acquisition of the 24-cuerda estate; the explanatory act containing the certified copy of the order of the lower court in which it was declared that the 5,900 square-yard parcel was incorporated in the deed of sale just mentioned, and, also, certified copies of former facts in connection with the action

seeking the annulment of the foreclosure proceeding brought by Mrs. Vizcarrondo in the same court on December 6, 1938. Mrs. Vizcarrondo's answer closed with the prayer that the order of January 30, 1939, so many times mentioned, be set aside, "with other relevant pronouncements."

The lower court ordered a hearing in connection with the above incident, in which there appeared plaintiff Luengo and Mrs. Vizcarrondo, through their respective counsel, and on March 16, 1939, a final order was entered in which, after a recital of the facts already mentioned, it was said:

" . . . .Pending the proceeding, the mortgaged property was conveyed to Mrs. Dolores Vizcarrondo as per deed No. 7 dated October 7, 1938, . . . .and after hearing the parties and considering the case of *González v. Ortiz and The People,* 47 P.R.R. 806, we reached the conclusion that the doctrine laid down in the above case is not applicable to the facts under consideration and that the intervention does not lie and that the proper writ must be issued directing compliance with the order of January 30, 1939, regarding the registration of the estate in favor of plaintiff, pursuant to the procedure prescribed in article 71 of the Mortgage Law.

"The motions filed by Mrs. Vizcarrondo are overruled and likewise the demurrer which is a pleading entirely irrelevant in this proceeding."

Mrs. Vizcarrondo has brought the present appeal from the aforesaid order of March 16, 1939, and from the order of January 30 of the same year directing that she be notified.

Having cleared up the confusion that might arise from the various steps taken by the parties herein, there clearly appears the question to be settled, viz.; Did Mrs. Vizcarrondo acquire title to the 5,900 square-yard parcel by virtue of the execution of the deed of September 26, 1936, already mentioned, or by virtue of the order of the court of October 7, 1938, in which it was declared that the 5,900-yard parcel formed part of the 24-cuerda estate?

If she acquired it on September 26, 1936, when she bought the 24-cuerda estate, it is evident that Mrs. Vizcarrondo is not a purchaser *pendente lite,* inasmuch as the foreclosure

proceeding was instituted, as we have seen, subsequent thereto, on April 20, 1937. If she is not a purchaser *pendente lite,* no application can be had of article 71 of the Mortgage Law as construed by this court in *Arroyo* v. *Zavala, supra,* which only authorizes the procedure followed herein by plaintiff-appellee and the lower court, when purchasers *pendente lite* are involved.

If we consider the order of the district court of October 7, 1938, which resulted in the record of the parcel of 5,900 yards in favor of appellant, entered by the same judge who made the orders appealed from, it will be easily concluded that Mrs. Vizcarrondo's title to the mortgaged property is derived from the deed of September 26, 1936, by virtue of which she acquired the aforesaid 24-cuerda parcel. The said order of October 7, 1938, in its pertinent part, reads as follows:

"THEREFORE, the court grants petitioner's motion and consequently decrees that deed of sale No. 5 of September 26, 1936, which was recorded. . . . *and which also includes the 5,900 yards (sic). . . . be also recorded in connection with said parcel* identified under No. 646 of vol. 14, folio 159 of the Municipality of Carolina, for the proper purposes."

It is evident that the said order did not create in favor of Mrs. Vizcarrondo, appellant herein, any new right not previously held by her; on the contrary, it clearly declared that her title to the 5,900 square yards is derived from deed No. 5 of September 26, 1936.

As appellant is not a purchaser *pendente lite,* application may unquestionably be made of the decision of this court, delivered by Mr. Justice Córdova Dávila, in *González* v. *Ortiz* and *The People, supra,* in which it was said:

". . . .There is no doubt as to the date of the acquisition of the estate by The People of Puerto Rico. The validity of its title is not a question to be discussed within the proceeding provided in article 71 under consideration. *It clearly appears from the facts that the appellant did not acquire the estate during the pendency of the*

*summary proceeding, and this ground alone, without any others, would warrant a reversal of the decisions of the lower court, since it acted without justification in issuing the orders to serve notice and to direct the cancellation in the registry of the record of the immovable in the name of the appellant...."* (Italics ours.)

The evidence relied upon by the trial court conclusively showed that this case was not dealing with a purchaser *pendente lite* and, therefore, the court was without authority to enter the orders appealed from and irrespective of the propriety of the allegations tending to prove her right it ought to have set aside the order of January 30, 1939, and to refrain from entering the order of March 16, 1939, which gave rise to the present appeal, for want of authority to make either of them.

The orders of January 30 and of March 16, 1939, respectively, appealed from, are reversed, without prejudice to the right of the appellee, if any, to be proven in the proper ordinary proceeding.